Feeeman, J.,
delivered the opinion of the court.
In November, 1865, Mrs. Shelton leased her farm in Tipton County for the term of one year, commencing on the 1st day of January, 1866, to James Sutherland and J. F. McKinney, Jr. The contract was in writing and signed by both parties. McKinney & Co. and G. Falls, immediately under the contract, acknowledged themselves as sureties for its performance on the part of Sutherland and J. F. McKinney, Jr. The contract of the defendants was to pay $2,000 rent, and in addition, if Mrs. Shelton elected to remain on the place and occupy the dwelling-house and certain outhouses, together with the garden, &c., as she was authorized to do, then they were to cut and haul her fire-wood, work her garden, do her milling, &e.
This suit is brought against the principals and their sureties, to recover damages for the non-payment of the rent, and for the breach of all the covenants of *376 tbe contract, damages being claimed to tbe amount of $3,000.
The defendants have filed two pleas: First, that they did not covenant as alleged; secondly, that they had fully performed all their covenants.
The proof shows, that Mrs. Shelton elected to remain and occupy the ■ place, according to the terms of the contract. , Also, that while the lessees did not actually occupy the land rented, they assumed control over it, and finding that they could not procure laborers to work it, attempted to rent it out, offering to let one man have forty acres of the land if he would perform their contract as to fire-wood, milling, &c., but failing to make the arrangement. Also, that sixty or seventy acres of the land was rented to Mrs. Shelton, the lessees finding themselves unable to occupy it for the reason above stated.
The jury found a verdict for the plaintiff for $1,990.65, and from the judgment an appeal in the nature of a writ of error was taken to this court.
Several errors are assigned here for reversal.
First, it is said the court failed to instruct the jury as to the proper measure of damages in the case. The charge of the court is defective on this subject; but as no instructions were requested in the court below beyond such as were given, we cannot allow this objection to prevail when now made for the first time. . This rule has been too long settled for discussion. It is based upon the sound principle that this court will reverse only for the affirmative error of the court below.
*377 Secondly, it is urged that the suit is, not for the amount of the rent, but for damages for failure to comply with the contract to furnish wood, &e. The declaration is specific in assigning as one of the breaches of the contract the failure to pay the rent at the time stipulated. It then adds, as the other breaches, the failure to cut and haul the wood, and to do the other things specified.
The chief matter, however, relied on by the sureties is, that there was such a modification of the contract by the principals and the plaintiff, as released the sureties from liability, they not having assented to it. This position is based upon the alleged facts, that the plaintiff occupied some cabins on the place, or used them for a part of the time, and that the cotton gin was used to gin her cotton.
In answer to this, and also to the objection that she may have occupied or used some part of the land not included in the reservation to her by the lease, it needs but be said, that the sureties contracted only for the performance of the contract of their principals, which was for the payment of the rent and the performance of the other duties agreed upon; and that this was not made to depend upon the performance by the plaintiff of her agreement as to the occupation of the house or outhouses. Each party entered into independent stipulations, except in so far as the election to occupy the residence involved the performance of the duty of furnishing the wood, &c. If the plaintiff occupied or used more of the land, or used more of the outhouses, than she had reserved, she did so as *378 the tenant of the lessees, who had taken control of the place. For this she might be bound to them for rent, or for use and occupation; but this conduct upon her part, assented to by the lessees, could in nowise release their sureties from their contract.
Note. — Defenses available to the principal may not be so to the surety independently of the principal. Thus, a surety upon notes for the purchase money of land bought at chancery sale, cannot resist the liability,— the principal not electing to do so, — upon the ground that the principal will not receive a good title to the land. Littari v. Puehett, Nashville, February 28, 1878.
It may well be doubted whether this question could have been involved at all under the issues made by the pleas in this ease; but without going into the facts at large, there is no evidence at all in the record on which to base the assumption of the variation of the contract.
We think that the justice of the case has been reached, and affirm the judgment.